**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-26008-BLOOM**

MICHEL MARTINEZ MUJICA,

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY (DHS); MARKWAYNE MULLIN; U.S. DEPARTMENT OF IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); DAVID J. VENTURELLA, and GARRETT J. RIPA,

Respondents.
_____________________________________________/

**ORDER GRANTING 28 U.S.C. § 2241 AMENDED PETITION**

**THIS CAUSE** is before the Court upon Petitioner Michel Martinez Mujica's ("Petitioner") Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). ECF No. [19]. Petitioner challenges his immigration detention at the Krome North Service Processing Center in Miami, Florida. ECF No. [19]. Respondents filed a Response, ECF No. [23],[1] to which Petitioner filed a Reply, ECF No. [24]. The Court has considered the Petition, the Response, the Reply, the record in this case, applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is granted in part and denied in part.

## I. BACKGROUND

Petitioner is a native and citizen of Cuba. ECF No. [23] at 2. On September 22, 2023, Petitioner was paroled into the United States under the Cuban Humanitarian Parole program. ECF

[1] Respondents filed a Response to the original Petition, ECF No. [6]. Because the Amended Petition raises similar claims as the original Petition, Respondents incorporate by reference the arguments made in their first Response. *See* ECF No. [23].

Nos. [23] at 2; [23-2]. Petitioner's parole expired on June 12, 2025. ECF No. [23-2]. On November 29, 2024, Petitioner filed a Form I-485 Application for Adjustment of Status pursuant to the Cuban Adjustment Act ("CAA Application"). ECF Nos. [19] ¶ 7; [23-1]. The CAA Application is pending before United States Citizenship and Immigration Services ("USCIS"). *Id.*

On August 28, 2026, Immigration and Customs Enforcement ("ICE") took Petitioner into custody following a traffic stop. ECF No. [23-1]. On September 4, 2026, ICE served Petitioner a Notice to Appear, charging Petitioner as an arriving alien who was paroled under Cuban Humanitarian Parole who has not adjusted his status to lawful permanent resident. ECF No. [23-6]. Removal proceedings were initiated that same day. ECF No. [23] at 3. To correct an error in the NTA, the Department of Homeland Security filed Additional Charges of Inadmissibility/Deportability, on September 16, 2026, reflecting that Petitioner was paroled under the Cuban Humanitarian Parole for a temporary period not to exceed September 20, 2025—the previous NTA indicated temporary parole ended June 12, 2025. ECF No. [23-7].

On September 16, 2026, an Immigration Court denied Petitioner's request for custody redetermination, finding that Petitioner is an arriving alien and the Immigration Court lacked jurisdiction to release Petitioner from custody. ECF No. [23-8]. Petitioner's appeal of that order was due on October 16, 2026. *Id.* Respondents state Petitioner did not appeal the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). ECF No. [23] at 3.

Petitioner is currently detained at Krome North Service Processing Center in Miami, Florida. ECF No. [23-4]. Petitioner's next hearing is scheduled for December 3, 2026. ECF No. [23-11].

Petitioner filed his Amended Petition challenging his detention on multiple grounds: his detention is unlawful because he applied for adjustment of status before his parole expired and was

following the proper legal process to adjust his status; the Immigration Court incorrectly determined that he was an arriving alien not subject to bond and denied his motion for a bond hearing; and detaining and removing Petitioner from the United States when there is no final order of removal and his CAA Application to adjust status remains pending violates his due process and equal protection rights. ECF No. [19]. Petitioner seeks immediate release or a proper bond hearing; dismissal or termination of the removal case against him; a declaratory judgment that Petitioner is not an arriving alien; and injunctive relief ordering USCIS to adjudicate his adjustment claim on an expedited basis. *Id.* at 18–19.

Respondents respond that Petitioner is properly detained without bond under 8 U.S.C. § 1225(b)(2) as an arriving alien, his pending CAA Application does not stay his removal proceedings, and habeas relief is unavailable because Petitioner did not exhaust his administrative remedies because he did not appeal the denial of his Motion to Dismiss Proceedings. ECF Nos. [6]; [23].

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

### A. Jurisdiction

To the extent Petitioner challenges the initiation of his removal proceedings, 8 U.S.C.

§ 1252(g) strips federal district courts of jurisdiction where the petitioner's claims challenge or arise from (1) the commencement of removal proceedings, (2) the adjudication of cases, and (3) the execution of final removal orders. *See Barrios v. Ripa*, No. 25-cv-22644, 2025 WL 2280485, at *4 (S.D. Fla. Aug. 8, 2025) (citing 8 U.S.C. § 1252(g)). Although § 1252(g) "bars courts from reviewing certain exercises of discretion by the attorney general, it does not proscribe substantive review of the underlying legal basis for those discretionary decisions and actions." *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006). Here, Petitioner challenges the decision to initiate removal proceedings against him, which the Court does not have jurisdiction to review. However, Petitioner also challenges the legal basis for his classification as an "arriving alien" and his denial of bond under § 1225(b)(2). Where Petitioner challenges the application of § 1225(b)(2) to support his detention, Petitioner challenges the underlying statutory basis for his detention pending removal proceedings, which district courts have jurisdiction to hear. *See, e.g.*, *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (finding the court has jurisdiction to hear challenges to ongoing detention pending removal proceedings on the basis of § 1226(a) and § 1225(b) arguments). Thus, this Court has jurisdiction to determine the underlying statutory basis for Petitioner's detention.

**B. Exhaustion of Administrative Remedies**

Respondent argues that Petitioner is not entitled to habeas relief because he has failed to exhaust administrative remedies by not appealing the Immigration Court's denial of Petitioner's Motion to Dismiss Proceedings. ECF No. [23]. Petitioner does not respond to Respondents' exhaustion arguments. *See* ECF No. [24].

The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but rather prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (acknowledging the

abrogation of prior Eleventh Circuit precedent interpreting § 1252(d)(1) as a jurisdictional bar by *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023)). As a result, administrative "exhaustion is not required where no genuine opportunity for adequate relief exists . . . or an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). In *Matter of Q. Li*, the BIA determined that an alien who was granted parole and that parole is later terminated is returned to custody under § 1225(b) pending removal proceedings. 29 I. & N. Dec. 66, 69–70 (BIA 2025). Where the BIA has held that § 1225(b) governs detention of aliens detained following the termination of parole, the Court concludes that any appeal to the BIA would be futile. The Court therefore excuses exhaustion.

**C. Detention under § 1225 or § 1226**

Petitioner asserts that his detention is unlawful because Respondents have classified him as an "arriving alien" and did not provide him with an individualized bond hearing before an immigration judge. ECF No. [19] at 10–16. Respondents argue that Petitioner is not entitled to a bond hearing because he is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. [6] at 3–6.

The Eleventh Circuit has issued a binding opinion regarding the interpretation of § 1225 and § 1226. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). The Eleventh Circuit upheld the district court's ruling that the petitioners, who entered the United States without inspection, were apprehended in the interior of the country years later, and had either no or minimal, traffic-related criminal histories, were entitled to a bond hearing under § 1226(a), despite the Government's position that the petitioners were properly held without bond under § 1225(b)(2). *Id.* at 1285. Consistent with this Court's prior rulings and the rulings of

numerous other courts, the Eleventh Circuit rejected Respondent's "re-interpretation" of the Immigration and Nationality Act ("INA") that foreign nationals already in the country are under the purview of § 1225(b)'s mandatory detention. *Id.* at 1262. The Eleventh Circuit explained that an "applicant for admission" is a term of art that "'deems' an alien to be an applicant merely by arriving or being present in the United States without having been admitted." *Id.* at 1267. Conversely, an applicant for admission who is "seeking admission" is someone in "pursuit of 'lawful entry . . . after inspection and authorization by an immigration officer[.]" *Id.* at 1269. Thus, someone is properly detained pending removal proceedings under § 1225(b)(2)(A) "if he (1) is arriving in the United States or is present in the United States without having been granted lawful entry; (2) is seeking lawful entry after inspection and authorization by an immigration officer; and (3) is not clearly and beyond a doubt entitled to lawful entry, as determined by the examining immigration officer." *Id.* (citing § 1225(b)(2)(A)).

Here, Petitioner is not properly subject to mandatory detention under § 1225(b)(2)(A). At a minimum, Petitioner is not "seeking . . . entry" in any capacity. Petitioner arrived in the United States in 2023, his parole expired in 2025, and he was detained in 2026. ECF Nos. [23-1]; [23-2]. Respondents' attempts to justify mandatory detention under § 1225(b)(2) beyond arriving aliens seeking entry *at the border* is improper. *See Hernandez Alvarez*, 175 F.4th at 1276 ("The INA's text confirms that the two relevant sections on detention govern distinct classes of aliens: § 1225 applies to arriving aliens seeking entry *at the border*[.]" (emphasis and alteration added)); *see also Jennings v. Rodriguez,* 583 U.S. 281, 288 (2018) ("Section 1226 generally governs the process of arresting and detaining [aliens present in the country] pending their removal." (alteration added)).

In upholding the district court's grant of a bond hearing pursuant to § 1226(a), the Eleventh Circuit concluded, "[s]imply put, the language that Congress has chosen to use does not grant to

the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country . . . [I]t appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years." *Hernandez Alvarez*, 175 F.4th at 1285 (alterations added). Therefore, this Court applies the Eleventh Circuit's holding in *Hernandez Alvarez* to conclude that Petitioner is, as a matter of statutory interpretation, not lawfully held under 8 U.S.C. § 1225(b)(2). Accordingly, the Court finds that Petitioner is detained in violation of the laws of the United States pursuant to 28 U.S.C. § 2241. Furthermore, the Court finds that Petitioner is detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

In *Department of Homeland Security v. Thuraissigiam*, the Supreme Court stated that "aliens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are 'treated' for due process purposes 'as if stopped at the border.'" 591 U.S. 103, 139 (2020). Similarly, in *Assa'ad v. U.S. Atty. Gen.*, 332 F.3d 1321, 1338 (11th Cir. 2003), the Eleventh Circuit indicated that "parole" means "that the alien is allowed into the country but remains constructively at the border, seeking admission and subject to exclusion proceedings." Accordingly, some courts in this district have understood those like Petitioner remain subject to detention under § 1225(b)(2). *See, e.g.*, *Arsanukaev v. Warden Krome N. Serv. Processing Ctr.*, No. 26-CV-25667, 2026 WL 3399500, at *4 (S.D. Fla. Nov. 10, 2026).

However, neither *Thuraissigiam* nor *Assa'ad* resolved the issue of one's status who is re-detained *post-termination* of parole. And that status is critical because it is parole status that maintains the "entry fiction"—that is, the legal fiction wherein the paroled alien is considered to be standing at the border despite physical entry into the country, *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958), and is considered to still be "seeking admission." *Assa'ad*, 332 F.3d at 1338.

After the parole expires—and certainly, as here, over a year later—the very legal device that maintains the relevant legal fiction is no longer operative. In such a case, the non-citizen is undoubtedly more analogous in status to the category of individuals identified in *Hernandez Alvarez* than to one standing at the border seeking lawful entry.

Petitioner plainly does not satisfy the second prong of § 1225(b)(2) status identified in *Hernandez Alvarez*. He is not "seeking . . . entry." The Eleventh Circuit in *Hernandez Alvarez* clearly interpreted the phrase "seeking admission" in a very literal manner—as necessarily "indicating an affirmative step of search or pursuit." *Hernandez Alvarez*, 175 F.4th at 1268 (citation omitted). The term "is describing some active and temporally ongoing step or process on the part of the alien." *Id.* (citation omitted). Parole creates a legal fiction that allows the alien to be treated as if he is still "seeking" lawful entry when—as a literal matter—he is not doing so. When parolee status no longer exists, it appears illogical to argue that the legal fiction is still in effect. And if Petitioner is not subject to § 1225(b)(2) as a result of the parole device's legal fiction, he is simply an individual living in the interior without status or active pursuit of status—precisely the category of individuals that *Hernandez Alvarez* identified as being entitled to a bond hearing under § 1226(a).

**D. Petitioner's Remaining Claims**

Petitioner's remaining claims seek adjudication of his CAA Application and the termination or abatement of his removal proceedings pending that adjudication. ECF No. [19]. Petitioner's claims regarding the adjudication of his CAA Application are not properly before the Court in a habeas petition. Claims that seek relief beyond release from custody are not cognizable in a habeas proceeding. *See Lashley v. Gonzalez*, No. 1:07-CV-1589-JTC, 2007 WL 2908652, at *1 n.1 (N.D. Ga. Oct. 2, 2007) ("[T]he only relief available via a habeas corpus action is immediate

or speedier release from custody." (citing *Preiser v. Rodriquez*, 411 U.S. 475 (1973))); *see also Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) ("[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."). Petitioner asks this Court to order USCIS or the Immigration Court to adjudicate his Adjustment of Status Petition. Such claims are properly raised in mandamus and Administrative Procedures Act cases. *See, e.g.*, *Acosta Reynoso v. United States Citizenship & Immigr. Servs.*, No. 8:26-CV-1314-KKM-NHA, 2026 WL 1917108, at *1 (M.D. Fla. July 3, 2026) (order on temporary restraining order, noting that 129 Cuban nationals filed suit alleging that USCIS's unreasonable delay in deciding their Applications to Adjust Status under the Cuban Adjustment Act "violates the Administrative Procedure Act and Mandamus Act").

Raising both habeas claims and civil non-habeas claims in the same habeas petition is impermissible. This district recognizes the difference between habeas and non-habeas claims, as reflected in the $5.00 filing fee applicable to § 2241 habeas petitions compared to the $405.00 filing fee for non-habeas civil actions in this district. 28 U.S.C. § 1914. "Petitioner should not be allowed to circumvent the required filing fees by attaching adjacent claims to a habeas petition[.]" *Morales Valdez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-125-CDL-MSH, 2019 WL 2271769, at *2 (M.D. Ga. Feb. 15, 2019), *report and recommendation adopted*, No. 4:18-CV-125 (CDL), 2019 WL 1292296 (M.D. Ga. Mar. 20, 2019); *see also Lall v. Ortiz*, No. 18-2793(RBK), 2018 WL 5980445, at *2 (D. N.J. Nov. 14, 2018) (refusing to recharacterize habeas petition as civil complaint under APA).

Moreover, Petitioner asks this Court to order USCIS to adjudicate his CAA Application, yet USCIS is not a party to this action. Nor would USCIS be a properly named party in a habeas

petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner. . . . This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court.") (cleaned up).

Accordingly, the Court finds it inappropriate to address Petitioner's claims regarding the adjudication of his CAA Application because it is a non-habeas civil claim brought via a habeas statute. To the extent Petitioner wishes to proceed with those claims, he must file a non-habeas civil action.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [19]**, is **GRANTED in part and DENIED in part.**
2. Within seven (7) days of the date of this Order, Respondent must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.
3. Respondent is enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).
4. Respondent must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.
5. The Clerk of Court shall **CLOSE** this case.

6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 25, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record